## Williams, et al. v. Pedigo.

(Decided April 23, 1914.)

### Appeal from Barren Circuit Court.

Pleading—Answer—Traverses or Denials and Admissions.—Where in an action to recover damages for injuries to a mule caused by negligent operation of an automobile, the allegation of the petition was that the defendant, L. E. Williams by his agents, the defendants Depp and Fisher so negligently managed an automobile that it ran into plaintiff's mule, it was not a denial of the fact of agency where the traverse was that the defendants, L. E. Williams, Walter A. Depp and Louis Fisher deny that the defendant, Williams, "by himself or through or by his agents, Depp and Fisher" so negligently managed the automobile that it ran into plaintiff's mule.

GEORGE T. DUFF for appellants.

PORTER & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Alonzo Pedigo sued L. E. Williams, Walter A. Depp and Louis Fisher in the Barren Circuit Court to recover damages for injuries to a mule which he claimed were caused by the negligent operation of Williams' automobile by the defendants, Depp and Fisher.

A jury found a verdict for plaintiff in the sum of two hundred dollars, and the defendants appeal.

Their principal complaint is of the instructions. The court instructed the jury that if they believed from the evidence that the defendant L. E. Williams by his agents or employes operated an automobile, or that the defendants, Depp or Fisher, operated an automobile so negligently that the said automobile ran into or collided with a mule of the plaintiff and broke the leg of plaintiff's mule, they should find for plaintiff.

Appellants insist that there was no evidence that Depp and Fisher were agents of Williams; and that therefore this instruction was erroneous. But there was no need of evidence showing Depp and Fisher to be agents of Williams for that fact was admitted by the pleadings.

The allegation of the petition was that "L. E. Williams, by his agents, the defendants, Depp and Fisher, so carelessly and negligently operated said automobile that the same ran into and collided with plaintiff's wagon and mules." The language of the answer was that "the defendants, L. E. Williams, Walter A. Depp and Louis Fisher, say it is untrue and they deny that the defendant, Williams, by himself or through or by his agents the defendants Depp and Fisher, so carelessly or negligently managed or operated the automobile that it ran into or collided with plaintiff's team."

It will thus be seen that there was no denial of the agency. This is a mere denial of negligent operation of the automobile and injury to the property. The instruction imposing joint liability upon all the defendants was therefore proper.

2. Appellant also complains that there is an error in the verdict as to the amount of the damages; that the highest value placed on the mule as of the time of the injury, was $230.00; and that it was proven that the mule at the time of the trial was worth $50.00; but appellant ignores the fact that the evidence showed that the charge of the veterinary surgeon for services rendered by him in treating the broken leg of the mule and feeding the mule for some six months during the period of treatment, amounted to $50.00, thereby offsetting the present value of the animal.

3. Appellant also contends that the verdict is not supported by the evidence, arguing that the evidence

fails to show that the machine struck the mule, but the plaintiff and his son state positively that it did strike the mule, and while there were some witnesses who testified to the contrary, the jury were authorized to believe the evidence of the plaintiff, and this court will not disturb their finding.

There are some other minor contentions urged by appellant; but we think appellants were afforded a fair trial and there is nothing in the record to authorize a reversal of the judgment appealed from.

It is therefore affirmed.